IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>PROSPERITAS INVESTMENT<br>PARTNERS, LP<br><br>Defendant | Civ. Action No.  3:06CV-655-H<br><br>*Filed Electronically* |

## CONSENT ORDER

Before this Court is the Complaint by the United States of America, on behalf of the United States Small Business Administration ("SBA"), for a preliminary and permanent injunction and the appointment of the SBA as Permanent Receiver for Prosperitas Investment Partners, LP ("Prosperitas"). The Court, being fully advised in the merits and having been informed that Prosperitas does not challenge entry of this Order,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.  Pursuant to the provisions 15 U.S.C. § 687c, this Court hereby takes exclusive jurisdiction of Prosperitas Investment Partners, L.P. and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver of Prosperitas ("Receiver") to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshaling and liquidating all of Prosperitas's assets and satisfying the claims

of creditors therefrom in the order of priority as determined by this Court. The Receiver is also authorized to sell or transfer the interest of SBA, the federal agency, and/or other limited partners in the Fund, provided the Receiver has obtained the express written consent of the parties whose interest is to be sold or transferred.

2. The Receiver shall assume and control the operation of Prosperitas and shall pursue and preserve all of its claims. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of Prosperitas under applicable state and federal law, by the Agreement of Limited Partnership, and Charter and/or By-Laws of said limited partnership, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of Prosperitas are hereby dismissed and the powers of any general partners are hereby suspended. Such persons and entities shall have no authority with respect to Prosperitas operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The former management and any former employees or agents of Prosperitas dismissed by this Order may, at the Receiver's discretion, be retained by the Receiver to assist the Receiver with any activities the Receiver deems necessary and appropriate. Such former managers, employees or agents may be compensated for such activities, as approved by the Receiver, from the receivership estate

3.. The Receiver is entitled to take immediate possession of all assets, bank accounts or other financial accounts of Prosperitas in its possession, and all books and

records and all other documents or instruments relating to Prosperitas. The past and/or present general partner(s), managers, management company, officers, directors, agents, trustees, attorneys, accountants, and employees of Prosperitas, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to Prosperitas and all of Prosperitas's assets and all other assets and property of the limited partnership, whether real or personal, in their possession. Prosperitas Partners, LP shall furnish a written statement within fifteen (15) days after the entry of this Order, listing the identity, location and estimated value of all assets of Prosperitas, a list of all agents, employees (and job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of Prosperitas, as well as the names, addresses and amounts of claims of all known creditors of Prosperitas. Within thirty (30) days following the entry of this Order, Prosperitas Partners, LP, shall also furnish a written report describing all assets. The Receiver understands that certain records are contained in commercial storage, and Prosperitas shall give the Receiver such keys or information necessary to obtain those records. All persons and entities having control, custody or possession of any assets or property of Prosperitas are hereby directed to turn such assets and property over to the Receiver.

    4.    The Receiver shall promptly give notice of its appointment to all known general partner(s), managers, management companies, officers, directors, agents, employees, shareholders, creditors, debtors, and limited partners of Prosperitas, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation, debt, or distribution with respect to a

partnership interest to Prosperitas shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if Prosperitas had received such payments.

5. The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of Prosperitas, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, consultants and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset in the ordinary course of business, with the exception of the following assets: (1) real estate; (2) Prosperitas's investment in MedVentures Technology Corporation; (3) Prosperitas's investment in Antisoma PLc; and (4) any asset where the anticipate recovery is estimated to be over $1million. The Receiver will also obtain Court approval for any sale,

liquidation or transfer of Prosperitas's entire portfolio of assets or the sale or transfer of the interests of SBA, the federal agency, and/or other limited partners in Prosperitas.

6. Prosperitas's past and/or present general partners, managers, management companies, officers, directors, agents, attorneys, shareholders, employees, accountants, debtors, creditors, managers, limited partners and any other appropriate persons or entities (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them and produce any documents as required by the Receiver regarding the business of said limited partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to Prosperitas. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery request(s) in accordance with the Federal Rules of Civil Procedure.

7. The parties to any and all civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving the Receiver for Prosperitas, Prosperitas or any assets of Prosperitas, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, or involving any of Prosperitas's past or present general partners, managers, management companies, officers, directors, agents, or limited partners sued for, or in connection with, any action taken by them while acting in such capacity, whether sued as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are enjoined from commencing or continuing any such legal

proceeding or from taking any action in connection with any such proceeding or any such asset.

8. All civil legal proceedings of any nature, including but not limited to bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other action of any nature involving the Receiver for Prosperitas, Prosperitas or any assets of Prosperitas, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, or any of Prosperitas's past or present general partners, managers, management companies, officers, directors, agents, or limited partners sued for, or in connection with, any action taken by them while acting in such capacity, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

9. Prosperitas and its past and/or present general partners, managers, management companies, directors, officers, limited partners, agents, employees or other persons or entities acting in concert or participating therewith are hereby prohibited and enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would (a) dissipate the assets and/or property of Prosperitas to the detriment of Prosperitas or of the Receiver appointed in this cause, including, but not limited to, destruction of corporate records, or (b) violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. § 661 et seq., or the regulations promulgated thereunder, ("Regulations"), 13 C.F.R. § 107.1 et seq.

10. The Receiver is authorized to borrow on behalf of Prosperitas, from the SBA, up to $1,000,000 and is authorized to cause Prosperitas to issue Receiver's

Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of Prosperitas, excluding administrative expenses of the Receivership, whether currently existing or hereinafter incurred, including without limitation any claims of general or limited partners of Prosperitas.

11. This Court determines and adjudicates that Prosperitas is in a condition of Capital Impairment, as that term is defined in 13 C.F.R. § 107.1820, and that SBA is entitled to the relief requested in its complaint. After completing its activities in accordance with this Order, the Receiver may request and recommend that Prosperitas's license as an SBIC be revoked.

**AGREED TO AND ACKNOWLEDGED:**

United States Small Business Administration

By: _____
Thomas G. Morris, Director    12.19.06
Office of Liquidation

PROSPERITAS INVESTMENT PARTNERS, LP

*[signature]*

By: Prosperitas Partners, LP
    Steven Bing, its

**SO ORDERED**

this ___ January 4, 2007 ___ in Louisville, Kentucky.

*[signature]*

John G. Heyburn II
Chief Judge, U.S. District Court

8

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA, )
)
Plaintiff )
)
v. ) Civ. Action No. 3:06CV-655-H
)
PROSPERITAS INVESTMENT ) *Filed Electronically*
PARTNERS, LP, )
)
Defendant )

## COMPLAINT FOR RECEIVERSHIP AND INJUNCTION

COMES NOW Plaintiff, the United States of America, on behalf of its agency, the Small Business Administration, and for its cause of action states as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is a civil action brought by the United States on behalf of its agency, the Small Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), whose central office is at 409 Third Street, S.W., Washington, DC 20416.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§ 687(d), 687c, 687h; the Small Business Act, 15 U.S.C. § 634(b)(1); and 28 U.S.C. § 1345.

3. Defendant, Prosperitas Investment Partners, L.P. (hereinafter "Prosperitas" or "Licensee"), is a Delaware limited partnership that maintains its principal place of business at 4229 Bardstown Road, Suite 315, Louisville, Kentucky 40218. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h and 28 U.S.C. § 1391(b).

4.  Prosperitas was licensed by SBA as a Small Business Investment Company ("SBIC") pursuant to Section 301(c) of the Act, 15 U.S.C. § 681(c) on June 29, 2000, SBA License No. 04/74-0283, solely to do business under the provisions of the Act and the regulations promulgated thereunder.

5.  Prosperitas's general partner is Prosperitas Partners, LP ("PPLP"). PPLP's general partner is Prosperitas, Inc., a Delaware corporation.

6.  Section 308(c) of the Act, 15 U.S.C. § 687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

7.  Item 8(a) of Prosperitas's SBIC License Application contains an acknowledgement by Prosperitas, through its general partner, that Prosperitas would be operated in accordance with the Act and the Regulations at all times.

8.  Prosperitas's Agreement of Limited Partnership expressly incorporates, via amendment, SBA Annex PS, Version 3.0, Provisions for Preferred Limited Partnership Interests, including without limitation Section 2.01 which provides that Prosperitas is subject to the Regulations.

9.  Section 303 of the Act, 15 U.S.C. § 683, authorizes SBA to provide financing to licensed SBICs.

10. Pursuant to Section 303 of the Act, 15 U.S.C. § 683, SBA provided funds to Prosperitas through the purchase and/or guaranty of the following Participating Securities, a form of Leverage, as those terms are defined under the Regulations, in the total amount of $19,915,000:

    a.    Loan No. 02034351-00 in the amount of $5,265,000 disbursed August 11, 2000;

    b.    Loan No. 02034352-09 in the amount of $3,400,000 disbursed June 15, 2001;

    c.    Loan No. 02034353-07 in the amount of $3,000,000 disbursed July 25, 2001;

    d.    Loan No. 02034354-05 in the amount of $4,000,000 disbursed October 16, 2001;

    e.    Loan No. 02034355-03 in the amount of $2,750,000 disbursed November 15, 2002;

    f.    Loan No. 02034356-01 in the amount of $1,500,000 disbursed July 11, 2003.

As of October 8, 2004, there is also an accrued prioritized payment amount, as that term is defined in the Regulations, of $3,920,865 outstanding.

11.    As of June 30, 2006, Prosperitas owed SBA an additional $435,000 in follow-on investment leverage.

12.    The Participating Securities described in paragraph 10, above, are expressly subject to and incorporated by reference in the Regulations, including but no limited to the provision of 13 C.F.R. §§ 107.1820-1850 and § 107.507.

13.    Section 308(d) of the Act, 15 U.S.C. § 687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee such as Prosperitas may be forfeited and the company may be declared dissolved.

14.    Section 311 of the Act, 15 U.S.C. § 687c, provides that upon a determination by SBA that if a Licensee such as Prosperitas, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and grant a permanent or

temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. The Court is authorized to appoint SBA to act as receiver for such Licensee.

## COUNT ONE

### CAPITAL IMPAIRMENT

15.   Paragraphs 1 through 14 are incorporated herein by reference.

16.   SBA determined that Prosperitas had a condition of Capital Impairment of 105.97% as of June 30, 2004.

17.   Among other requirements, the Regulations, 13 C.F.R. § 107.1830(c)(2), require that an SBIC such as Prosperitas maintain a Capital Impairment Percentage, as that term is defined in the Regulations, not exceeding 85% of Regulatory Capital.

18.   Pursuant to Section 107.1850(a), for the first 48 months after the first Participating Security is issued, a Licensee's maximum impairment ratio is 85%.

19.   As of June 30, 2004, SBA determined that Prosperitas had a Capital Impairment ratio of 105.97%, which exceeded the maximum allowable Capital Impairment Percentage under Section 107.1830(c)(2) as well as Section 107.1850(a).

20.   By letter dated September 24, 2004, SBA notified Prosperitas that its condition of capital impairment had to be cured within fifteen days of the date of the letter, or by October 11, 2004, or SBA would place Prosperitas into Restrictive Operations and imposing Restrictive Operation Remedies pursuant to 13 C.F.R. § 107.1820(f).

21. Prosperitas failed to cure its condition of capital impairment within the prescribed time. Consequently, SBA placed Prosperitas into Restrictive Operations and imposed Restrictive Operation Remedies pursuant to 13 C.F.R. § 107.1820(f). As of March 31, 2006, Prosperitas continues to have a condition of Capital Impairment ratio over 100%.

22. Prosperitas's failure to cure its condition of Capital Impairment is a violation of § 107.1830(b) of the Regulations, which violation has not been cured to date.

23. As a consequence of Prosperitas's continuing violation of 13 C.F.R. § 107.1830(b) of the Regulations, SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. § 687(d).

## COUNT TWO

### NON-PERFORMANCE WITH TERMS OF LEVERAGE

24. Paragraphs 1 through 23 are incorporated herein by reference.

25. Prosperitas's non-compliance with its terms of Leverage under 13 C.F.R. § 107.1830(b) is also a violation of Section 13 C.F.R. § 107.507(a) of the Regulations for nonperformance of the terms of its Participating Securities.

26. Each Participating Securities instrument issued by Prosperitas specifically incorporate the terms of the Regulations. Thus, a violation of any regulation, including exceeding the maximum capital impairment percentage, is a violation of the terms of the Participating Securities.

27. SBA has determined that Prosperitas is not in compliance with its terms of Leverage due to its uncured condition of Capital Impairment and is therefore in violation of 13 C.F.R. § 507(a).

28. As a consequence of Prosperitas's continuing violation of 13 C.F.R. § 507(a) of the Regulations, SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §§ 687(d) and 687c, including the appointment of SBA as Receiver of Prosperitas.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays as follows:

A. That injunctive relief, both preliminary and permanent in nature, be granted restraining Prosperitas, its past or present general partner(s), managers, management company, directors, officers, agents, employees, and other persons acting in concert or participation therewith from: (1) making any disbursements of Prosperitas's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any funds or assets of Prosperitas, wherever located; and (3) further violating the Act or the Regulations promulgated thereunder.

B. That this Court determine and adjudicate Prosperitas's noncompliance with and violation of the Act and the Regulations promulgated thereunder.

C. That this Court, pursuant to 15 U.S.C. § 687c, take exclusive jurisdiction of Prosperitas and all of its assets, wherever located, appoint SBA as receiver of Prosperitas for the purpose of marshaling and liquidating the assets of Prosperitas and satisfying the claims of creditors as determined by the Court, and such other relief as contained in the Proposed Order filed herewith.

D. That this Court grant such other relief as may be deemed just and proper.

           Respectfully submitted,

           DAVID L. HUBER
           UNITED STATES ATTORNEY

           William F. Campbell
           Assistant U.S. Attorney
           510 West Broadway, 10th Floor
           Louisville, Kentucky 40202
           (502) 582-6773
           Fax: (502) 625-7110

           Dated: 12/21/06

Of Counsel

ARLENE M. EMBREY
Trial Attorney
Office of General Counsel
U.S. Small Business Administration
409 Third Street, S.W. Seventh Floor
Washington, D.C. 20416
Telephone: (202) 205-6976
Facsimile: (202) 481-0324



**U. S. SMALL BUSINESS ADMINISTRATION**
RECEIVER FOR PROSPERITAS INVESTMENT PARTNERS, L.P.
409 THIRD STREET, S.W., 6TH FLOOR
WASHINGTON, D.C. 20416

WRITER'S DIRECT TELEPHONE: (202) 205-7514                                   FAX NUMBER: (202) 205-6957

January 11, 2007

Mr. Peter T. Dalleo, Clerk of the Court                VIA UPS 2ND DAY DELIVERY
U.S. District Court for Delaware
844 North King Street, Lockbox 18                              **0 7 - 9**
Wilmington, DE 19801

Re:   United States of America v. PROSPERITAS INVESTMENT PARTNERS, L.P.
      Civil Action No. 3:06CV-655-H

Dear Mr. Peter T. Dalleo:

This is to advise you that, in accordance with 15 U.S.C. § 687c, the U.S. District Court for the Western District of Kentucky at Louisville, has taken exclusive jurisdiction of Prosperitas Investment Partners, L.P. ("Prosperitas") and the assets thereof, and has appointed the U.S. Small Business Administration ("SBA"), an agency of the federal government, as the Receiver.

A portion of the property of PROSPERITAS may be located in your jurisdiction. We therefore are enclosing for filing, copies of the Complaint and Order establishing the Receivership, as required by 28 U.S.C. § 754. Please open as a miscellaneous case filing.

The United States District Court, in an order appointing SBA Receiver for PROSPERITAS, stayed all legal proceedings involving PROSPERITAS, and prohibited the filing of any actions against the Receiver unless permission of the Court is first obtained.

The Receiver is in the process of ascertaining what and where legal proceedings pertaining to PROSPERITAS are pending. Should the Receiver learn of relevant legal proceedings within the jurisdiction of your Court, the Receiver will promptly notify you thereof.

We also have enclosed extra copies of the Order and Complaint, which we request that you stamp file and return in the enclosed self-addressed stamped envelope.

Sincerely,

By: _____
Michele L. Pittman, Chief
Corporate Liquidation and Receivership Operations
Office of SBIC Liquidation